UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:25-CR-74-REW-HAI |
| | ) | |
| v. | ) | RECOMMENDED DISPOSITION[1] |
| | ) | |
| ASHLEY BEGLEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

On November 6, 2025, counsel for Defendant Ashley Begley moved for a pretrial competency and sanity examination. D.E. 15. In the motion, defense counsel reported that during their first several meetings, Defendant "appeared under the influence and[/]or dope sick" and that she had informed him that she had been previously hospitalized for up to thirty days due to a "drug induced psychosis." *Id.* at 1. The Court conducted a hearing on the motion, at which time it instructed defense counsel to promptly file a Notice of Insanity Defense pursuant to Federal Rule of Criminal Procedure 12.2. D.E. 18. In response to defense counsel's request and in anticipation of the filing of the notice, the United States made an oral motion for an evaluation pursuant to 18 U.S.C. § 4242. The Court granted both motions, ordered the evaluation to occur in a custodial setting, and Defendant was remanded to the custody of the United States Marshal. *Id.* Defendant was ordered to undergo a competency evaluation at the Metropolitan Detention Center in Los Angeles, California. D.E. 22.

On March 19, 2026, the Court received the resulting "Forensic Evaluation" (the "Report")

---

[1] A finding that Defendant is unable to proceed to trial due to mental incompetency could be dispositive of her case. Thus, the Court proceeds via recommended disposition, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C).

from clinical forensic psychologist Ernie Gonzalez. D.E. 35. In the Report, Dr. Gonzalez opined that Defendant is competent for trial purposes. *Id.* at 23. After receipt of the Report and Defendant's return to the District, the Court conducted a final hearing on competency on April 17, 2026. D.E. 45. During the final competency hearing, the parties stipulated to the admissibility of the Report, as well as to the Report's findings. The parties also waived introduction of other proof or argument and waived the right to examine or cross-examine the evaluator. They stipulated to Dr. Gonzalez's qualifications as an expert forensic psychologist.

Section 4241 codifies the competency principles of *Dusky v. United States*, 361 U.S. 402 (1960). To be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as a factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 402; *see also* 18 U.S.C. § 4241(a) (phrasing the test as whether a defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"). Section 4247(d) of 18 U.S.C. governs the competency hearing and assures certain trial-type rights. These include the right to confront and cross-examine witnesses, and the right to participate in the hearing. *See* 18 U.S.C. § 4241(c) (referring to the hearing procedures outlined in section 4247(d)).

Ultimately, per section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of section 4241(a). This framework does not dictate which party bears the burden, which has led to disagreement among the Circuits. *See United States v. Carter*, No. 1:12-CR-29, 2013 WL 6668715, at *11 (E.D. Tenn. Dec. 18, 2013) (compiling cases).[2] Here, the

---

[2] The Supreme Court, in dicta, has stated that "Congress has directed that the accused in a federal prosecution must prove incompetence by a preponderance of the evidence." *Cooper v. Oklahoma*, 517 U.S. 348, 362 (1996) (citing 18U.S.C. § 4241). However, the Sixth Circuit previously stated that "[t]he government must demonstrate by a preponderance of the evidence that defendant is competent to stand trial." *United States v. Chapple*, 47 F.3d 1170

proof is not in any way disputed, and the Court need not resolve the burden allocation question. *See Medina v. California*, 505 U.S. 427, 449 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where proof is "in equipoise").

The defense stipulated to both the admissibility and substance of the Report. D.E. 45. Accordingly, the only proof concerning Defendant's competency is the expert analysis of Dr. Gonzalez. The Report reflects personal observation, a review of Defendant's available medical and legal records, sufficient psychological testing, and a thorough assessment of Defendant's abilities in light of the applicable competency standards. D.E. 35. The author analyzed Defendant's history, course of evaluation, and testing performance. Dr. Gonzalez directly observed Defendant through interviews and subjected her to the Multiphasic Personality Inventory, Third Edition (MMPI-3) and the Revised Competency Assessment Instrument (RCAI). *Id.* at 3. He considered the comments and observations of other MDC-LA staff members who interacted with Defendant during the evaluation period, as well as spoke with defense counsel and the attorney for the government. *Id.* at 3, 11.

The Report is a thorough and comprehensive assessment of Defendant's mental and psychiatric condition. According to the Report, Defendant has self-reported a clinically significant pattern of opioid, stimulant, and sedative use since her mid-twenties. *Id.* at 17. In 2024 and 2025, Defendant was hospitalized twice with a diagnosis of "drug induced psychosis." *Id*. at 7. Both times, she was hospitalized for multiple weeks. *Id.* The Report explained that, during her time at MDC-LA, Defendant "self-identified a fair current mood and appear[ed] to be appropriately functioning in her environment." *Id.* at 19. While under observation, Defendant's "thought content was not characteristic of disordered thought processes (e.g., delusions) nor did she endorse

---

(6th Cir. 1995) (table).

any current signs or symptoms suggestive of a psychotic-like disturbance in functioning (e.g., hallucinations)." *Id*. at 13.

The Report diagnoses Defendant under the DSM-5 with severe opioid use disorder in early remission, severe stimulant use disorder in early remission, and mild sedative use disorder in early remission. *Id.* at 15-17. The Report concluded that these diagnoses did not interfere with Defendant's ability to adequately participate in and assist with her defense. *Id.* at 23.

The evaluator found that Defendant had an adequate understanding of the court proceedings. After being provided education from the evaluator, Defendant was able to define the pleas available in her case, including guilty, not guilty, and not guilty by reason of insanity. She "displayed an appreciation of her role and the expectations put forth on her by the Court, and of the roles of various courtroom personnel and their influence(s) on her legal proceedings." *Id.* at 23. She was capable of retaining and recalling corrective information and psychoeducation as relevant to the legal proceedings in this case. *Id.* at 21-23.

The evaluator also found that Defendant had an adequate ability to assist defense counsel. She demonstrated an understanding of the charges against her and their possible penalties. *Id. at* 23. She was able to discuss her comfort with the available plea options and provided a reasonable appraisal as to the likely outcome of the case. *Id.* The Report opined that her "legal decision-making did not appear influenced by a mental health problem" and that her "current approach to legal proceedings is expected to be stable over time."

In conclusion, the evaluator found that Defendant "presented as adequately articulate and without any marked impairment in functioning secondary to a mental health concern" and that she "did not evince any difficulties when discussing the charges against her, ongoing court processes, or when relaying her legal aims." *Id.* at 23. Accordingly, the Report indicates that Defendant is

competent to proceed.

At the final hearing, defense counsel said that the Report was consistent with his interactions with Defendant since her return to this District. D.E. 45. Defense counsel explained that, since her return, Defendant has been able to engage in productive conversations about the Report and her case more broadly. Both defense counsel and Defendant stated that she understood the Report and its findings.

In the Report, Dr. Gonzalez accurately applied the *Dusky* standard as codified in 18 U.S.C. § 4241(a) to determine that Defendant is competent. The Report unambiguously supports a finding that both prongs of the *Dusky* competency test are met in this case, and its conclusions are unrebutted. The Court also observed and interacted with Defendant at her competency hearing. D.E. 45. Defendant was composed and respectful to the Court throughout the proceedings and understood their nature.

For the foregoing reasons, the Court finds no evidence which tends to show that Defendant is not competent. That finding, of course, precludes any finding of incompetency by a preponderance of the evidence. Per 18 U.S.C. § 4241(a), Defendant is able to understand the nature and consequences of the proceedings against her and to assist properly in her own defense. Therefore, the undersigned **RECOMMENDS** that the District Judge find that Defendant is competent to face further proceedings in this matter.

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. Any objection must be filed within **FIVE (5) DAYS** of the entry of this recommendation. Failure to object per Rule 59(b) waives a party's right to review. Upon expiration of that five-day period, this matter will be submitted to Judge Wier for his

consideration and to address the procedural posture.

This the 20th day of April, 2026.

Signed By:

*Hanly A. Ingram*

United States Magistrate Judge