UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:25-cr-00074-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ASHLEY BEGLEY, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The Court considers the Recommended Disposition (DE 46) of United States Magistrate Judge Hanly A. Ingram, addressing whether Defendant Ashley Begley is competent to stand trial under 18 U.S.C. § 4241. *See* DE 15 (Motion); DE 45 (Minute Entry: Competency Hearing). Begley stands indicted for four counts of attempted murder of a federal law enforcement officer, under 18 U.S.C. § 1114 (Counts 1-4), and one count of discharge of a firearm during and in relation to a crime of violence, under 18 U.S.C. § 924(c)(1)(A) (Count 5). *See* DE 3 (Indictment). On November 13, 2025, the Court conducted a hearing on Begley's motion for a medical exam. *See* DE 18 (Minute Entry: Motion Hearing). At the hearing, Judge Ingram instructed Begley to promptly file a notice of her intent to assert an insanity defense, which she did the following day. *See* DE 20 (Notice); *see also* FED. R. CRIM. P. 12.2(a)-(c). In anticipation of this filing, the United States made an oral motion for Begley to undergo a psychiatric and/or psychological examination to determine competency and/or whether she was legally insane at the time of the commission of the underlying offense, pursuant to 18 U.S.C. § 4242. *See* DE 19 (Order). Judge Ingram granted both motions and ordered Begley to undergo a competency evaluation at the Metropolitan Detention Center in Los Angeles, California. *See id.*; DE 22.

Dr. Ernie Gonzalez, Ph.D., a forensic psychologist, conducted a custodial evaluation. *See* DE 35 (Sealed Psychiatric Report). Dr. Gonzalez concluded that Begley is competent to stand trial. *See id.* at 23-25. Competency to stand trial is the only subject matter at issue in this Order. With Dr. Gonzalez's report available to the parties, Judge Ingram conducted a competency hearing. *See* DE 45. The parties stipulated to the admissibility of Dr. Gonzalez's report, his qualifications, and his findings. *See id.*; DE 46 at 2. The parties also waived introduction of other proof or argument and waived the right to examine or cross-examine Dr. Gonzalez. *See* DE 46 at 2.

Upon completing that hearing, Judge Ingram recommended that the Court find Begley competent to proceed, based on Dr. Gonzalez's evaluation. *See* DE 46 at 5. The recommendation, filed on April 20, 2026, advised the parties that any objections must be filed within five (5) days of its entry, as discussed at the competency hearing. *See id.* at 5-6; DE 45. The objection period has lapsed, and neither party has objected. Judge Ingram, with typical rigor, correctly stated the standard and questions presented, and he followed the proper procedures under § 4241(a).

The Court is not required to "review ... a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996)) (alterations adopted) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate judge's report and recommendation he has forfeited his right to raise this issue on appeal' "); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection" filed);

28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court has assessed the full record and Judge Ingram's thorough recommendation. His recommendation rightly relies significantly on Dr. Gonzalez's unopposed report. *See* DE 46 at 3-5. That detailed report applied the *Dusky* and statutory standards faithfully, finding that Begley "demonstrated the necessary understanding of the charges against her and possible consequences," "evinced the necessary understanding of the courtroom rules and procedures," and "presented an ability to assist in her defense insomuch as her legal decision-making did not appear influenced by a mental health problem or concern." *See* DE 35 at 23. To reach his conclusion, Dr. Gonzalez reviewed all available documentation in this case, conducted clinical interviews (8 sessions over 10 weeks) and mental status examinations, observed Begley's behavior at MDC-LA, and used the Minnesota Multiphasic Personality Inventory-3 (MMPI-3) and the Revised Competency Assessment Instrument (RCAI). *See id.* at 3. Dr. Gonzalez also reviewed portions of the 157 telephone calls Begley made (at least, the party identifiable to her) during her examination period. *See id.* at 11. Dr. Gonzalez thoroughly assessed Begley's abilities in light of the applicable competency standards. His expert analysis stands alone in the record.

Dr. Gonzalez determined that Begley suffers from severe opioid use disorder in early remission, severe stimulant use disorder (amphetamine-type substance) in early remission, and mild sedative use disorder in early remission. *See id.* at 15-17. Dr. Gonzalez noted that a "diagnosis of a substance use disorder is based on a pathological pattern of behaviors related to use of the substance[,]" *id.* at 17, the criteria for which "can be considered to fit within overall groupings of impaired control, social impairment, risky use, and pharmacological criteria." *Id.* Dr. Gonzalez evaluated Begley's historical use of each substance in the context of the stated

3

criteria in rendering his diagnoses. *See id.* Ultimately, Dr. Gonzalez concluded that "there was no objective information or evidence to suggest Ms. Begley is suffering from a mental disease or defect which renders her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense." *See id.* at 23.

In sum, to quote Judge Ingram, "Defendant is able to understand the nature and consequences of the proceedings against her and to assist properly in her own defense." DE 46 at 5. The defense stipulated to the report and its findings, as well as the author's qualifications. *See id.* at 2. The parties waived introduction of other proof and argument, and they waived the right to examine or cross-examine the evaluator. *See id.* The lone supported conclusion under the statute is competency.

Accordingly, the Court **ADOPTS** the Recommended Disposition (DE 46) and **FINDS** Begley competent to face further proceedings in this matter, including trial. The case shall proceed in the usual process and course, with trial set for June 24, 2026.

This the 30th day of April, 2026.

Signed By:
*Robert E. Wier*
**United States District Judge**

4