UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 6:25-CR-74-REW

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                          PLEA AGREEMENT

ASHLEY ELIZABETH BEGLEY                                     DEFENDANT

\*   \*   \*   \*   \*

1.    Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count Five of the Indictment. Count Five charges the Defendant with using, carrying, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 1, 2, 3 and 4 of the Indictment.

2.    The essential elements of Count Five are:

(a) That the Defendant committed the crime of attempted murder of a federal law enforcement officer engaged in and on account of the performance of his official duties, a crime of violence which may be prosecuted in a court of the United States;

(b) That the Defendant knowingly used or carried and discharged a firearm; and

(c) That the use or carrying and discharge of the firearm was during and in relation to the crime of violence.

3.    As to Count Five, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the

Defendant admits these facts:

(a) On or about September 24, 2025, in Perry County – which is located in the Eastern Judicial District of Kentucky – the Defendant attempted to unlawfully kill federal law enforcement officers while they were engaged in their official duties. In so doing, the Defendant unlawfully used, carried, and discharged a firearm during a crime of violence – that being attempted murder of a federal law enforcement officer engaged in and on account of his official duties.

(b) Specifically, on this date, law enforcement officers with the Drug Enforcement Administration (DEA) and Perry County Sheriff's Office (Perry SO) went to the Defendant's residence in Perry County, Kentucky, to (1) locate and arrest her husband on an active state warrant for a drug offense, and to (2) investigate allegations of drug trafficking by the Defendant and her husband.

(c) The officers were wearing clothing clearly identifying them as "Police" and the "DEA." The law enforcement officers also specifically identified themselves as being with the DEA and had substantial communication with the Defendant when they arrived at the residence.

(d) The officers located and arrested the Defendant's husband on the state warrant. They also attempted to talk to the Defendant and her husband about fentanyl trafficking.

(e) DEA Task Force Officer (TFO) James Grigsby, DEA Resident Agent-in-Charge Iain Dalrymple, TFO Steven Tyler Morris, and TFO Jake Miller were in the process of driving away from the residence in TFO Grigsby's vehicle when the Defendant retrieved a firearm and fired a shot in the direction of the vehicle. The shot struck the front end of the vehicle, embedding in the engine block.

(f) The Defendant fired this shot with the intent to kill the retreating federal law enforcement officers while they were engaged in and on account of their official duties with the DEA.

4.     The applicable statutory punishment for Count Five is a term of imprisonment of not less than 10 years nor more than life, a fine of not more than $250,000, and a term of supervised release of not more than 5 years. A mandatory special

2

assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5.  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6.  No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7.  The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant waives the right to collaterally attack the guilty plea, conviction, and sentence.

8.  The Defendant consents to forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offenses to which she is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The Defendant

consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that she already has submitted. If the Defendant fails to surrender and forfeit the assets identified for forfeiture herein, she consents to the forfeiture of any other property of his up to the amount of the value of the assets identified for forfeiture, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives her right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

9.    If the Defendant violates any part of this Agreement, the United States may void the Agreement and seek an Indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

10.    This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

11.    This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

12.    The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

JASON D. PARMAN
FIRST ASSISTANT
UNITED STATES ATTORNEY

Date: 6-1-26          By: _Kelly Ridings for WSD_
                           W. Samuel Dotson
                           Assistant United States Attorney

Date: 6|1|26          _Ashley Beck_
                           Ashley Elizabeth Begley
                           Defendant

Date: 6|1|26          _____
                           Gregory A. Ousley
                           Attorney for Defendant

5